

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 25, 1972

Honorable Everett L. Anschutz
Executive Secretary
Employees Retirement System
  of Texas
P. O. Box 12337, Capitol Station
Austin, Texas 78711

Opinion No. M-1247

Re: Construction of Article
1811e, V.C.S., relating
to appointment of a re-
tired judge to serve as
a commissioner of the
Court of Criminal Appeals.

Dear Mr. Anschutz:

Your request for an opinion asks the following questions:

"1. Does a retired judge who has previously filed with the Chief Justice of the Supreme Court his election to continue as a judicial officer subject to assignment meet the requirement of having 'consented to be subject to appointment' under Article 1811e? If not, how does such judge so qualify?

"2. Taking into account the parallel provisions of both Article 6228b and 1811e providing for payment of an <u>amount</u> 'in lieu of retirement allowance', would a procedure for making retirement and supplemental salary payments similar to the procedure outlined in Article 200a be suitable for making payments to retired judges designated and appointed as commissioners to the Court of Criminal Appeals under Article 1811e? (We note that all retirement and supplemental salary payments are to be made from the General Revenue Fund and that appropriations for such expenditures have been made in part to the Employees Retirement System of Texas and in part to the Court of Criminal Appeals. The amount appropriated to the Employees Retirement System is based upon the assumption that all retired judges will remain on the retirement payroll.)

"3. Would the designation and appointment of a retired judge under Article 1811e have any effect upon his retirement status with respect to

-6103-

his annuity, time certain options, survivorship
benefits, group insurance, or any other allow-
able benefit or expense provided by law?"

Subdivisions (a) and (d) of Section 1 of Article 1811e,
Vernon's Civil Statutes, as amended by Senate Bill 529, Acts 62nd
Leg., R.S. 1971, Ch. 462, p. 1646, provide:

"Section 1. (a) The presiding judge of the
Court of Criminal Appeals may, with the concurrence
of a majority of the judges of the Court of Criminal
Appeals, designate and appoint a retired appellate
judge or district judge who has consented to be
subject to appointment, or an active appellate
judge or district judge, to sit as a commissioner
of the Court of Criminal Appeals, with the desig-
nated judge's consent.  The presiding judge of
the Court of Criminal Appeals may designate and
appoint as many commissioners as he deems necessary
to aid and assist the court in disposing of the
business before it.

     ". . .

"(d) The compensation of a judge while sitting
as a commissioner of the court shall be paid out of
moneys appropriated from the General Revenue Fund
for such purpose in an amount equal to the salary
of the judges of the Court of Criminal Appeals,
in lieu of retirement allowance or in lieu of the
compensation he receives as an active judge of
another court.  A judge sitting as a commissioner
of the court also shall receive his actual travel
expense to and from Austin, Texas, and per diem of
$25 per day while he is assigned to the Court of
Criminal Appeals in Austin."

Section 7 of Article 6228b, Vernon's Civil Statutes, pro-
vides for assignment of retired judges "to sit in any court of
this State of the same dignity, or lesser, as that from which
they retired."  The appointment under Article 1811e, however, is
to serve as commissioner on the Court of Criminal Appeals.  There-
fore, in answer to your first question, it is our opinion that the
filing with the Chief Justice of the Supreme Court of a judge's
consent to assignment pursuant to Section 7 of Article 6228b is
not sufficient to constitute his consent to appointment by the
Presiding Judge of the Court of Criminal Appeals as a commissioner.

You are therefore advised that a retired judge should file his consent to appointment with the Presiding Judge of the Court of Criminal Appeals prior to appointment pursuant to the provisions of Article 1811e.

In Attorney General's Opinion M-1225 (1972), it was held:

"Senate Bill 529, Acts 62nd Leg., R.S. 1971, Ch. 462, p. 1646 (Article 1811e, Vernon's Civil Statutes), authorizing the designation and appointment of a retired appellate or district judge or an active appellate judge or district judge to sit as a commissioner of the Court of Criminal Appeals, does not create an 'office', but merely provides additional duties on members of the Judiciary and is therefore valid. The appointee may be compensated."

In Attorney General's Opinion M-1246 (1972), it was held:

"5.    Subdivision (d) of Section 1 of Article 1811e, Vernon's Civil Statutes, specifically provides that the compensation of said appointee shall be an amount equal to the salary of the judges of the Court of Criminal Appeals in lieu of the compensation he receives as an active judge of another court.

"This provision is substantially identical with the provisions of Section 7 of Article 6228b, Vernon's Civil Statutes, relating to assignment of retired judges. Section 7 provides: 'While assigned to said court such judges shall be paid an amount equal to the salary of judges of said court in lieu of retirement allowance.'

"The Employees Retirement System of Texas has construed the provisions above quoted of Article 6228b to authorize the Retirement System to continue to pay retired judges the retirement allowance of said judges during the time of assignment and said retired judges receive the difference between the amount of such retirement allowance and the amount of salary authorized under Section 7 of Article 6228b, Venron's Civil Statutes. Under such construction the Employees Retirement System in

budgeting their request for an appropriation to
meet the obligation of retirement allowances is
based on the assumption that all retired judges
will remain on the retirement payroll and the
Legislature has acquiesced in this construction.
It is therefore our opinion that such construction
should be followed and a similar construction should
be placed on the provisions of Subdivision (d) of
Section 1 of Article 1811e, Vernon's Civil Statutes.
This construction is consistent with the pattern
for the payment of retired judges assigned to active
duty prescribed by the Legislature in Article 200a,
Vernon's Civil Statutes.

"You are therefore advised that an active
judge may be paid the difference between his salary
as district judge and the amount allowed as a
commissioner for each day's service as a commissioner."

You are accordingly advised in answer to your second
question that the appointee continues to receive his retirement
allowance from the Retirement System during the time of his ap-
pointment and is to be paid in addition thereto the difference
between his salary as commissioner and his retirement allowance.

In answer to your third question, it was held in Attorney
General's Opinion M-1225 (1972) that Article 1811e merely provides
additional duties on members of the Judiciary, citing Werlein v.
Calvert, 460 S.W.2d 398, 401 (Tex.Sup. 1970), wherein it was held:

". . . A retired judge assigned to active
duty is authorized to exercise the powers of
an office while serving on assignment.  He does
not by virtue of the assignment, however, hold
an office that could possibly 'become vacant'
upon termination of his powers either by death
or operation of law.  See Pickens v. Johnson,
42 Cal.2d 399, 267 P.2d 801."

Therefore you are advised that the designation and ap-
pointment of a retired judge under Article 1811e will not have any
effect upon his retirement status with respect to his annuity, time
certain options, survivorship benefits, group insurance, or any
other allowable benefit or expense provided by law.

S U M M A R Y

A retired judge may be appointed as commissioner to the Court of Criminal Appeals provided he files his consent to appointment. Said appointee is to receive the compensation provided in Article 1811e, Vernon's Civil Statutes; his retirement status is not affected.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Sparks
Fisher Tyler
James Hackney
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant